# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-11021
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-84-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Ronald Jones challenges the above-guidelines sentence of 120 months of imprisonment imposed following his guilty plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). He asserts that the district court abused its discretion by imposing a substantively unreasonable sentence based on its failure to properly consider the 18 U.S.C. § 3553(a) sentencing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

factors, including the nature and circumstances of the offense, the need to avoid disparate sentences among similarly situated defendants, and the history and characteristics of the defendant.

In determining the substantive reasonableness of a sentence, this court considers the totality of the circumstances, including the extent of the upward variance from the guidelines range, giving due deference to the district court's decision that the § 3553(a) factors justify the variance. *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record reflects that the district court considered the guidelines range, the § 3553(a) factors, the parties' sentencing memoranda, and arguments made by counsel during sentencing. When determining Jones's sentence, the district court declined to impose the full extent of upward variant sentence requested by the Government, but it indicated that an upward variant sentence was warranted based on the seriousness, length, and repetitiveness of Jones's criminal history, the likelihood he would recidivate, and to afford adequate deterrence and protect the public from further crimes. *See id.* at 709 (indicating that an extensive criminal history is a factor that the district court is permitted to consider). Given the significant deference that is due a district court's consideration of the § 3553(a) factors and considering the totality of the circumstances, Jones has not shown that his 120-month sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.